By the Court,

Cowen, J.
It is impossible for me to reduce the claim of this plaintiff below the balance struck between the parties upon their accounting in 1842 ; and I can do so much only because the plaintiff agrees that this is the sum due from, the defendant. Independently of that, I know not of any principle on which I could cut down the sum below the amount in the sealed condition of the bond. No fraud, duress, infancy, usury or the like, is pretended as the reason why a money bond, with a warrant of attorney, was given without the usual precaution of qualifying it by a sealed declaration, in or out of the condition, that it was for a purpose other than that which the condition expresses. It is not necessary to enquire whether this be essential in order to affect the judgment on a bond and warrant of attorney, though I must not be considered as admitting that a bond becomes any weaker and more open to an attack by parol evidence, because it is carried into judgment. ' If not, it certainly follows that, in order to overcome the language of the instrument, there should be a writing of equal degree filed and made matter of record with the other papers which go into the clerk’s office as a foundation for the judgment. This would seem to be especially important where an estoppel by judgment is added to that of the bond. The motion is not made by creditors, who, I admit, might complain *586 that they were defrauded, and claim to be let into an enquiry concerning the true consideration upon that ground. The objection is made by the defendant, who comes to set up a parol defeasance of his bond and judgment, and to establish it by his own affidavit. I called on the argument for a case^in which such a thing was ever allowed. None has been furnished. I do not deny that a cotemporaneous writing, sealed by the parties, though not filed, might have done; as the courts formerly received a deed to lead thé uses of a fine. But even this, I apprehend, must be set down as an exception. I am reminded of the anomalous practice in this state of receiving parol evidence that an absolute deed was intended as a mortgage. This too is an exception, which should not be extended. There is difficulty enough in its standing alone. I know oi neither principle nor practice to take the present case out of the general rule, which is, that, to qualify a sealed instrument or show a defeasance different from what the instrument itself contains, the party shall be put to show another writing between the same parties also under seal. In short, the defeasance must be of equal dignity with the principal paper.
I have looked through the cases for setting aside warrants of attorney in Bingham on Judgments. They are all either of personal disability, or where the warrant was actually or constructively involuntary, or where the consideration was impeachable as being illegal or immoral; in short, where the court saw that the bond might be effectually d'estroyed or varied in the regular course of an action. But who ever heard, in such case, of a court allowing the interpolation of a parol defeasance in other words, parol evidence to contradict the language of a specialty 1 ,
Under the provisions of the revised statutes, we might now perhaps set aside the judgment to let in a defence founded upon a partial or total want of consideration. I mean the provisions which allow a defence on this ground upon its being pleaded, the same as if it were a simple contract.
What I have said thus far, however, I desire should be ta= *587 ken for no more than a refusal to concede what appeared to me on the argument, and still appears, from the degree of examination I have bestowed upon the question, to have been the assumption of a facility of attack on judgments confessed, beyond what is warranted either by principle or authority.
The motion must, ,1 think, be denied on other grounds. Were I to receive the opposing evidence, and were I convinced that the balance between the conflicting affidavits and proofs is in favor of the defendant’s version of the matter, to what would it amount 1 To no more than that, in consideration of a judgment, the plaintiff promised to do a certain thing, which he has omitted. He has broken his parol promise, to which I am required to give the effect of a defeasance, without its being in its own nature any such thing. The obvious legal remedy is an action. Here is neither condition nor fraud ; but only a breach of promise. Why set aside the judgment 1 To let in a trial upon the bond. Why do that when the defendant himself admits there was-a consideration—the plaintiff’s promise—by which the bond must be maintained. Ho other reason can be imagined than a wish to deprive the plaintiff of his agreed means of indemnity against his promise, if that was not fulfilled by redeeming the land, the plaintiff was doubtless considered, at the time, able to answer the damages. The very reason why he took the judgment as a security, if the defendant’s affidavits be correct, was probably to guard against the consequence of the defendant’s insolvency. Suppose the plaintiff had given his written obligation, the case would have been the same. It is like an exchange of acceptances or notes—one being a consideration for the other, and so both of them binding. The effect of the motion, if granted, will be to violate the implied understanding of the parties, even on the defendant’s own showing.
I will not deny that, in the war of affidavits opened by the case, the defendant may have succeeded both as to number and weight on the question of what was the real consideration. It is enough, however, that there was a real consideration of any *588 kind, even though I may think it was inadequate. Of this the parties were the judges.
That there was lately the relation of guardian and ward subsisting between the plaintiff and defendant, and so, perhaps, a constructive fraud, was not put forward in the papers as a ground of the motion. It is merely alluded to as an incident in the account of the transaction. Neither party could have thought of such a ground being brought into question by this motion till it was incidentally suggested towards the close of' the argument.
Motion denied.